**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BOARD OF DIRECTORS OF THE | ) | |
| GRAND BEAR LAKES TOWNHOME | ) | |
| ASSOCIATION, | ) | |
| an Illinois not-for-profit corporation, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Hon. _____ |
| | ) | |
| GRAND BEAR LODGE, LLC, | ) | Magistrate Judge _____ |
| an Illinois limited liability company; | ) | |
| JOSEPH F. HOOK, an individual; KEITH | ) | |
| WOLICK, an individual; SUSANWOLICK, | ) | |
| an individual, and COUNTRYSIDE BANK, | ) | |
| an Illinois State chartered bank, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Board of Directors of the Grand Bear Lakes Townhome Association ("Board"), by and through its attorneys Kevin A. Sterling, Steven D. Welhouse and Laura Newcomer Cohen, for its Complaint against Grand Bear Lodge, LLC ("Grand Bear Lodge") and Joseph F. Hook ("Hook"), Keith Wolick ("K. Wolick"),Susan Wolick ("S. Wolick") and Countryside Bank, an Illinois State chartered bank (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.      This action is brought to: (1) recover monies paid by the Grand Bear Lakes Townhome Association's ("Association") members as Association assessments that were wrongfully collected and held by Defendants in their unlawful capacities as community association managers for the Association; (2) seek an accounting of the monies wrongfully

collected and held by Defendants in their unlawful capacities as community association managers for the Association; and (3) seek a constructive trust of monies wrongfully collected and held by Defendants in their unlawful capacities as community association managers for the Association.

## PARTIES

2.     The Board of Directors of the Grand Bear Lakes Townhome Association is the governing body for the Grand Bear Lakes Townhome Association, an Illinois not-for-profit corporation and townhome association comprised of 88 townhomes located in Utica, Illinois. By virtue of the recording of the Declaration of Party Wall Rights, Covenants, Conditions, Restrictions and Easements for Grand Bear Lakes Townhomes, recorded as Document number R2005-17997 by the LaSalle County, Illinois, Recorder, the Association is a common interest community as defined under the Illinois Common Interest Community Association Act ("CICAA"), 765 ILCS 160/1-1, *et seq*. Pursuant to Section 1-30(j) of the CICAA), the Board has standing to litigate this matter on behalf of the Association because it involves the common elements of and more than one unit in the Association.

3.     Grand Bear Lodge LLC ("Grand Bear Lodge") is an Illinois limited liability company with its principal place of business in Utica, Illinois.

4.     Joseph F. Hook is an individual and member, or owner of a beneficial interest in, and manager of Grand Bear LLC who, on information and belief, resides in Homer Glen, Illinois.

5.      Keith Wolick is an individual and member, or owner of a beneficial interest in, and manager of Grand Bear LLC who, on information and belief, resides in Orland Park, Illinois.

6.      Susan Wolick is an individual and member, or owner of a beneficial interest in, and manager of Grand Bear LLC who, on information and belief, resides in Orland Park, Illinois.

7.      Countryside Bank is an Illinois State chartered bank located at 6734 Joliet Road Countryside, Illinois.

## JURISDICTION

8.      This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 because there is a federal question involved under the federal civil Racketeer Influenced and Corrupt Organizations Act ("RICO), 18 U.S.C. §§ 1961, *et seq*.

## STATEMENT OF FACTS

9.      In May 2004, the Association entered into a Management Agreement with Grand Bear Lodge whereunder Grand Bear Lodge would serve as the community association manager for the Association.

10.     In its capacity as the Association's community association manager, Grand Bear Lodge collected assessments from the Association's unit owners, paid certain of the Association's bills, and otherwise managed the Association purportedly pursuant to the Management Agreement.

11.     Grand Bear Lodge's collection of assessments from the Association's unit owners on an annual basis totaled approximately $210,000.

12.     In January 2011, Grand Bear Lodge filed for Chapter 11 bankruptcy in the United States District Bankruptcy Court for the Northern District of Illinois District, Case No. 11-02321, and the Bankruptcy Court granted Grand Bear Lodge's petition to restructure approximately $10 million in debt.

13.     Apart from certain of its debts being restructured to allow Grand Bear Lodge to repay them on extended payment plans, Grand Bear Lodge's existing contracts were ruled null and void pursuant to the Bankruptcy Court's restructuring order.

14.      Although the Management Agreement between Grand Bear Lodge and the Association was rendered null and void pursuant the Bankruptcy Court's order, Grand Bear Lodge continued to perform community association management duties for the Association and continued to do so at all times relevant hereto, including collection of assessments from Association members.

## COUNT I

**(Action under Civil RICO, 18 U.S.C. §1962(a), against Joseph Hook)**

1-14.    Plaintiff restates and incorporates by reference paragraphs 1 through 14 above as and for paragraphs 1 through 14 of Count I as though fully set forth herein.

15.     The Association is defined as a "community association" pursuant to Section 10 of the Illinois Community Association Manager Licensing and Disciplinary Act ("CAMLDA"), 225 ILCS 427/1, *et seq*.

16.     Pursuant to Section 15 of the CAMLDA, "[i]t shall be unlawful for any person, corporation, partnership, limited liability company or other entity to provide community association management services, provide services as a community association manager, or hold himself, herself, or itself out as a community association manager or

4

community association management firm to any community association in this State, unless he, she or it holds a current and valid license issued by the Department or is otherwise exempt form licensure under this Act (underline added)."

17.    Pursuant to Section 155(a)(1) of CAMLDA, a person who acts or attempts to act as a community association manager without a license is guilty of a Class 4 felony.

18.    At all times relevant hereto, Hook, in concert with K. Wolick and S. Wolick, operated, directed, managed and otherwise controlled Grand Bear Lodge.

19.    At all times relevant hereto, Grand Bear Lodge acted as the Association's community association manager.

20.    At all times relevant hereto, however, Grand Bear Lodge was not licensed or otherwise authorized by the State of Illinois to act or provide services as a community association manager to the Association. Searches of the Illinois Department of Professional Regulation's website listing of community association manager licensees does not return "Grand Bear Lodge, LLC," "Joseph Hook," "Joe Hook," "Susan Wolick," "Sue Wolick," or "Keith Wolick" as licensees. Copies of the Association's searches dated January 4, 2016 are attached hereto as Exhibit 1.

21.    During the time that it acted as the Association's community association manager without an Illinois license to do so during the time that the CAMLDA was in effect subsequent to January 1, 2014, Grand Bear Lodge was guilty of a Class 4 felony under Illinois law.

22.    While illegally acting as the Association's community association manager, Grand Bear Lodge, at the direction and control of Hook, K. Wolick and S. Wolick collected

assessments from the Association's members, but failed to deposit said assessments in a separate Association bank account, in violation of Section 1-65 of the CICA.

23.     After illegally collecting Association funds, Grand Bear Lodge, at the direction and under the control of Hook, K. Wolick and S. Wolick commingled such funds with Grand Bear Lodge's own funds also in violation of CICA Section 1-65.

24.     Grand Bear Lodge, at the direction and under the control of Hook, also failed to deposit Association assessments into the Association's accounts or timely pay Association obligations.

25.     Grand Bear Lodge and Hook also failed to provide a reliable accounting of the Association's finances during the entire time that Grand Bear Lodge acted as the Association's community association manager.

26.     Instead, at the direction and under the control of Hook, acting in concert with K. Wolick and S. Wolick, Grand Bear Lodge misappropriated the Association's assessment funds, commingled Association funds with Grand Bear Lodge's funds, and applied Association funds to Grand Bear Lodge's financial obligations to its lenders and/or other interests of Grand Bear Lodge and also, upon information and belief, to Hook's personal obligations and/or interests.

27.     Grand Bear Lodge's commingling and misappropriation of the Association's funds gained from its illegal collection of Association assessments is documented in correspondence dated October 8, 2015 drafted by Hook and in another letter drafted by Grand Bear Lodge's Controller, Robert Krusec, dated on or about November 20, 2015, the date on which it was received by the Association's members.

6

28.     Hook, K. Wolick and S. Wolick operated Grand Bear Lodge as an "enterprise" as defined under 18 U.S.C. § 1961(4).

29.     Grand Bear Lodge's continuous, unlawful collection and misappropriation of Association funds, under the direction and control of Hook, K. Wolick and S. Wolick on a monthly basis for the entire time that Grand Bear Lodge acted as the Association's community association manager, comprises a pattern of racketeering activity defined under 18 U.S.C. § 1961(5).

30.     As a result of Hook's racketeering activity the Association has been damaged in the amount of at least $200,000, but in an amount that will be determined at trial of this matter.

WHEREFORE, Plaintiff, the Grand Bear Lakes Townhome Association, prays for judgment in its favor and against Defendant Joseph Hook on Count I and respectfully requests that the Court enter an Order:

1)      Awarding the Association separate treble damages based on the amount of the Association's actual damages of at least $200,000, but in an amount to be determined at trial;

2)      The Association's attorney's fees incurred to prosecute this matter;

3)      Costs of suit; and

4)      Such other and further relief as this Court deems fair and equitable.

## COUNT II

**(Action under Civil RICO, 18 U.S.C. §1962(a), against Keith Wolick)**

1-22.   Plaintiff restates and incorporates by reference paragraphs 1 through 22 above as and for paragraphs 1 through 22 of Count II as though fully set forth herein.

7

23.     The Association is defined as a "community association" pursuant to Section 10 of the Illinois Community Association Manager Licensing and Disciplinary Act ("CAMLDA"), 225 ILCS 427/1, *et seq.*

24.     Pursuant to Section 15 of the CAMLDA, "[i]t shall be unlawful for any person, corporation, partnership, limited liability company or other entity to provide community association management services, provide services as a community association manager, or hold himself, herself, or itself out as a community association manager or community association management firm to any community association in this State, <u>unless he, she or it holds a current and valid license</u> issued by the Department or is otherwise exempt form licensure under this Act (underline added)."

25.     Pursuant to Section 155(a)(1) of CAMLDA, a person who acts or attempts to act as a community association manager without a license is guilty of a Class 4 felony.

26.     At all times relevant hereto, K. Wolick, acting in concert with Hook and S. Wolick, operated, directed, managed and otherwise controlled Grand Bear Lodge.

27.     At all times relevant hereto, Grand Bear Lodge acted as the Association's community association manager.

28.     At all times relevant hereto, however, Grand Bear Lodge was not licensed or otherwise authorized by the State of Illinois to act or provide services as a community association manager to the Association. Searches of the Illinois Department of Professional Regulation's website listing of community association manager licensees does not return "Grand Bear Lodge, LLC," "Joseph Hook," "Joe Hook," "Susan Wolick," "Sue Wolick," or "Keith Wolick" as licensees. *See* <u>Exhibit 1</u>.

29. During the time that it acted as the Association's community association manager without an Illinois license to do so during the time that the CAMLDA was in effect subsequent to January 1, 2014, Grand Bear Lodge was guilty of a Class 4 felony under Illinois law.

30. While illegally acting as the Association's community association manager, Grand Bear Lodge, at the direction and control of K. Wolick, Hook and S. Wolick, collected assessments from the Association's members, but failed to deposit said assessments in a separate Association bank account, in violation of Section 1-65 of the CICA.

31. After illegally collecting Association funds, Grand Bear Lodge, at the direction and under the control of K. Wolick, acting in concert with Hook and S. Wolick, commingled such funds with Grand Bear Lodge's own funds also in violation of CICA Section 1-65.

32. Grand Bear Lodge, at the direction and under the control of K. Wolick also failed to timely pay Association obligations or deposit Association assessments into the Association's reserves to fund future capital repairs.

33. Grand Bear Lodge and K. Wolick also failed to provide a reliable accounting of the Association's finances during the entire time that Grand Bear Lodge acted as the Association's community association manager.

34. Instead, at the direction and under the control of K. Wolick, acting in concert with Hook and S. Wolick, Grand Bear Lodge misappropriated the Association's assessment funds, commingled Association funds with Grand Bear Lodge's funds, and applied Association funds to Grand Bear Lodge's financial obligations to its lenders and/or

other interests of Grand Bear Lodge and also, upon information and belief, to K. Wolick's personal obligations and/or interests.

35. Grand Bear Lodge's commingling and misappropriation of the Association's funds gained from its illegal collection of Association assessments is documented in correspondence dated October 8, 2015 drafted by Hook and in another letter drafted by Grand Bear Lodge's Controller, Robert Krusec, dated on or about November 20, 2015, the date on which it was received by the Association's members.

36. K. Wolick, acting in concert with Hook and S. Wolick, operated Grand Bear Lodge as an "enterprise" as defined under 18 U.S.C. § 1961(4).

37. Grand Bear Lodge's continuous, unlawful collection and misappropriation of Association funds, under the direction and control of K. Wolick, Hook, and S. Wolick, on a monthly basis for the entire time that Grand Bear Lodge acted as the Association's community association manager, comprises a pattern of racketeering activity defined under 18 U.S.C. § 1961(5).

38. As a result of K. Wolick's racketeering activity the Association has been damaged in the amount of at least $200,000, but in an amount that will be determined at trial of this matter.

WHEREFORE, Plaintiff, the Grand Bear Lakes Townhome Association, prays for judgment in its favor and against Defendant Keith Wolick on Count II and respectfully requests that the Court enter an Order:

1) Awarding the Association separate treble damages based on the amount of the Association's actual damages of at least $200,000, but in an amount to be determined at trial;

10

2)      The Association's attorney's fees incurred to prosecute this matter;

3)      Costs of suit; and

4)      Such other and further relief as this Court deems fair and equitable.

## COUNT III

**(Action under Civil RICO, 18 U.S.C. §1962(a), against Susan Wolick)**

1-22.   Plaintiff restates and incorporates by reference paragraphs 1 through 22 above as and for paragraphs 1 through 22 of Count III as though fully set forth herein.

23.     The Association is defined as a "community association" pursuant to Section 10 of the Illinois Community Association Manager Licensing and Disciplinary Act ("CAMLDA"), 225 ILCS 427/1, *et seq*.

24.     Pursuant to Section 15 of the CAMLDA, "[i]t shall be unlawful for any person, corporation, partnership, limited liability company or other entity to provide community association management services, provide services as a community association manager, or hold himself, herself, or itself out as a community association manager or community association management firm to any community association in this State, unders he, she or it holds a current and valid license issued by the Department or is otherwise exempt form licensure under this Act (underline added)."

25.     Pursuant to Section 155(a)(1) of CAMLDA, a person who acts or attempts to act as a community association manager without a license is guilty of a Class 4 felony.

26.     At all times relevant hereto, S. Wolick, in concert with Hook and K. Wolick, operated, directed, managed and otherwise controlled Grand Bear Lodge.

27.     At all times relevant hereto, Grand Bear Lodge acted as the Association's community association manager.

28. At all times relevant hereto, however, Grand Bear Lodge was not licensed or otherwise authorized by the State of Illinois to act or provide services as a community association manager to the Association. Searches of the Illinois Department of Professional Regulation's website listing of community association manager licensees does not return "Grand Bear Lodge, LLC," "Joseph Hook," "Susan Wolick," "Sue Wolick," or "Keith Wolick" as licensees. *See* Exhibit 1.

29. During the time that it acted as the Association's community association manager without an Illinois license to do so during the time that the CAMLDA was in effect subsequent to January 1, 2014, Grand Bear Lodge was guilty of a Class 4 felony under Illinois law.

30. While illegally acting as the Association's community association manager, Grand Bear Lodge, at the direction and control of S. Wolick, in concert with Hook and K. Wolick, collected assessments from the Association's members, but failed to deposit said assessments in a separate Association bank account, in violation of Section 1-65 of the CICA.

31. After illegally collecting Association funds, Grand Bear Lodge, at the direction and under the control of S. Wolick, commingled such funds with Grand Bear Lodge's own funds also in violation of CICA Section 1-65.

32. Grand Bear Lodge, at the direction and under the control of S. Wolick, also failed to timely pay Association obligations or deposit Association assessments into the Association's reserves to fund future capital repairs.

33. Grand Bear Lodge and S. Wolick also failed to provide a reliable accounting of the Association's finances during the entire time that Grand Bear Lodge acted as the Association's community association manager.

34. Instead, at the direction and under the control of S. Wolick, acting in concert with Hook and K. Wolick, Grand Bear Lodge misappropriated the Association's assessment funds, commingled Association funds with Grand Bear Lodge's funds, and applied Association funds to Grand Bear Lodge's financial obligations to its lenders and/or other interests of Grand Bear Lodge and also, upon information and belief, to S. Wolick's personal obligations and/or interests.

35. Grand Bear Lodge's commingling and misappropriation of the Association's funds gained from its illegal collection of Association assessments is documented in correspondence dated October 8, 2015 drafted by Hook and in another letter drafted by Grand Bear Lodge's Controller, Robert Krusec, dated on or about November 20, 2015, the date on which it was received by the Association's members.

36. S. Wolick, in concert with Hook and S. Wolick, operated Grand Bear Lodge as an "enterprise" as defined under 18 U.S.C. § 1961(4).

37. Grand Bear Lodge's continuous, unlawful collection and misappropriation of Association funds, under the direction and control of S. Wolick, Hook, and K. Wolick, on a monthly basis for the entire time that Grand Bear Lodge acted as the Association's community association manager, comprises a pattern of racketeering activity defined under 18 U.S.C. § 1961(5).

38.     As a result of S. Wolick's racketeering activity the Association has been damaged in the amount of at least $200,000, but in an amount that will be determined at trial of this matter.

WHEREFORE, Plaintiff, the Grand Bear Lakes Townhome Association, prays for judgment in its favor and against Defendant Susan Wolick on Count III and respectfully requests that the Court enter an Order:

1)     Awarding the Association separate treble damages based on the amount of the Association's actual damages of at least $200,000, but in an amount to be determined at trial;

2)     The Association's attorney's fees incurred to prosecute this matter;

3)     Costs of suit; and

4)     Such other and further relief as this Court deems fair and equitable.

## COUNT IV

**(Action under Civil RICO, 18 U.S.C. §1962(a), against Grand Bear Lodge LLC)**

1-29.   Plaintiff restates and incorporates by reference paragraphs 1 through 29 above as and for paragraphs 1 through 29 of Count IV as though fully set forth herein.

30.     As a result of Grand Bear Lodge's racketeering activity the Association has been damaged in the amount of at least $200,000, but in an amount that will be determined at trial of this matter.

WHEREFORE, Plaintiff, the Grand Bear Lakes Townhome Association, prays for judgment in its favor and against Defendant Grand Bear Lodge LLC on Count IV and respectfully requests that the Court enter an Order:

14

1)     Awarding the Association separate treble damages based on the amount of the Association's actual damages of at least $200,000, but in an amount to be determined at trial;

2)     The Association's attorney's fees incurred to prosecute this matter;

3)     Costs of suit; and

4)     Such other and further relief as this Court deems fair and equitable.

## COUNT V

**(Action for Breach of Implied At Law Contract against Grand Bear Lodge, LLC)**

1-25.   Plaintiff restates and incorporates by reference paragraphs 1 through 25 above as and for paragraphs 1 through 25 of Count V as though fully set forth herein.

26.    After the Bankruptcy Court voided the Management Agreement as part of its Order resolving Grand Bear Lodge's bankruptcy petition, Grand Bear Lodge continued to act as the Association's community association manager.

27.    While the terms of the Management Agreement were no longer in effect, a contract implied in law was formed between Grand Bear Lodge and the Association whereunder Grand Bear Lodge would continue to perform reasonable and customary community association manager duties, including collecting assessments, paying Association obligations, and maintaining and repairing the Association's common elements in exchange for being paid a monthly fee.

28.    The Association fulfilled all of its obligations to Grand Bear Lodge under the contract implied in law.

29.     Grand Bear Lodge breached the contact implied in law with the Association by failing to deposit Association assessment funds collected by Grand Bear Lodge into a separate Association account and failing to provide an accurate accounting of such funds.

30.     Instead, Grand Bear Lodge misappropriated the Association's assessment funds and used the funds for Grand Bear Lodge's own purposes.

31.     As a result of Grand Bear Lodge's misappropriation and misapplication of the assessment funds, the Association has been damaged in the amount of at least $200,000.

WHEREFORE, Plaintiff, the Grand Bear Lakes Townhome Association, prays for judgment in its favor and against Defendant Grand Bear Lodge LLC on Count V and respectfully requests that the Court enter an Order:

1)      Awarding the Association its actual damages in an amount of at least $200,000, but in an amount to be determined at trial;

2)      Costs of suit; and

3)      Such other and further relief as this Court deems fair and equitable.

## COUNT VI

**(Action for Breach of Fiduciary Duty against Grand Bear Lodge, LLC)**

1-27.   Plaintiff restates and incorporates by reference paragraphs 1 through 27 above as and for paragraphs 1 through 27 of Count VI as though fully set forth herein.

28.     By virtue of acting as the Association's community association manager, Grand Bear Lodge owed a fiduciary duty to the Association pursuant to the CICAA.

29.     Grand Bear LLC breached its fiduciary duty by:

a) failing to deposit Association assessment funds into a separate Association bank account;

16

b) commingling Association assessment funds with Grand Bear Lodge's funds; and

c) misappropriating and using Association assessment funds for Grand Bear Lodge's own purposes.

30. The Association has been damaged by Grand Bear Lodge's breach of fiduciary duty in the amount of at least $200,000, but which will be proven up at trial.

WHEREFORE, Plaintiff, the Grand Bear Lakes Townhome Association, prays for judgment in its favor and against Defendant Grand Bear Lodge LLC on Count VI and respectfully requests that the Court enter an Order:

1) Awarding the Association its actual damages in an amount of at least $200,000, but in an amount to be determined at trial;

2) Costs of suit; and

3) Such other and further relief as this Court deems fair and equitable.

## COUNT VII

### (Action for Breach of Fiduciary Duty against Joseph Hook)

1-27. Plaintiff restates and incorporates by reference paragraphs 1 through 27 above as and for paragraphs 1 through 27 of Count VII as though fully set forth herein.

28. By virtue of owning, operating, controlling and otherwise directing Grand Bear Lodge acting as the Association's community association manager, Joseph Hook owed a fiduciary duty to the Association pursuant to the CICAA.

29. Joseph Hook breached his fiduciary duty by:

a) failing to deposit Association assessment funds into a separate Association bank account;

17

b) commingling Association assessment funds with Grand Bear Lodge's funds; and

c) misappropriating and using Association assessment funds for Grand Bear Lodge's own purposes.

30. The Association has been damaged by Hook's breach of fiduciary duty in the amount of at least $200,000, but which will be proven up at trial.

WHEREFORE, Plaintiff, the Grand Bear Lakes Townhome Association, prays for judgment in its favor and against Defendant Joseph Hook on Count VII and respectfully requests that the Court enter an Order:

1) Awarding the Association its actual damages in an amount of at least $200,000, but in an amount to be determined at trial;

2) Costs of suit; and

3) Such other and further relief as this Court deems fair and equitable.

## COUNT VIII

### (Action for Breach of Fiduciary Duty against Keith Wolick)

1-27. Plaintiff restates and incorporates by reference paragraphs 1 through 27 above as and for paragraphs 1 through 27 of Count VIII as though fully set forth herein.

28. By virtue of owning, operating, controlling and otherwise directing Grand Bear Lodge acting as the Association's community association manager, K. Wolick owed a fiduciary duty to the Association pursuant to the CICAA.

29. K. Wolick breached his fiduciary duty by:

a) failing to deposit Association assessment funds into a separate Association bank account;

b) commingling Association assessment funds with Grand Bear Lodge's funds; and

c) misappropriating and using Association assessment funds for Grand Bear Lodge's own purposes.

30. The Association has been damaged by K. Wolick's breach of fiduciary duty in the amount of at least $200,000, but which will be proven up at trial.

WHEREFORE, Plaintiff, the Grand Bear Lakes Townhome Association, prays for judgment in its favor and against Defendant Keith Wolick on Count VIII and respectfully requests that the Court enter an Order:

1) Awarding the Association its actual damages in an amount of at least $200,000, but in an amount to be determined at trial;

2) Costs of suit; and

3) Such other and further relief as this Court deems fair and equitable.

## COUNT IX

### (Action for Breach of Fiduciary Duty against Susan Wolick)

1-27. Plaintiff restates and incorporates by reference paragraphs 1 through 27 above as and for paragraphs 1 through 27 of Count IX as though fully set forth herein.

28. By virtue of owning, operating, controlling and otherwise directing Grand Bear Lodge acting as the Association's community association manager, S. Wolick owed a fiduciary duty to the Association pursuant to the CICAA.

29. S. Wolick breached her fiduciary duty by:

a) failing to deposit Association assessment funds into a separate Association bank account;

b) commingling Association assessment funds with Grand Bear Lodge's funds; and

c) misappropriating and using Association assessment funds for Grand Bear Lodge's own purposes.

30. The Association has been damaged by S. Wolick's breach of fiduciary duty in the amount of at least $200,000, but which will be proven up at trial.

WHEREFORE, Plaintiff, the Grand Bear Lakes Townhome Association, prays for judgment in its favor and against Defendant Susan Wolick on Count IX and respectfully requests that the Court enter an Order:

1) Awarding the Association its actual damages in an amount of at least $200,000, but in an amount to be determined at trial;

2) Costs of suit; and

3) Such other and further relief as this Court deems fair and equitable.

## COUNT X

### (Action for Accounting against Grand Bear Lodge, LLC)

1-29. Plaintiff restates and incorporates by reference paragraphs 1 through 27 above and paragraphs 28 through 29 of Count X above as and for paragraphs 1 through 29 of Count XI as though fully set forth herein.

30. As the Association's community association manager, Grand Bear Lodge owed a fiduciary duty to the Association.

31. Grand Bear Lodge breached its fiduciary duty to the Association.

32. Given Grand Bear Lodge's control over Association assessment funds, commingling of the Association's funds with Grand Bear Lodge's own funds and funds

from other sources, including but not limited to other community interest associations managed by Grand Bear Lodge, Grand Bear Lodge's failure to properly and accurately provide the Association with an accounting of the Association's funds, the Association seeks an accounting of its funds currently held by Grand Bear Lodge and/or Association funds misappropriated and used by Grand Bear Lodge.

33.    In the absence of an accounting, the Association does not have an adequate remedy at law.

WHEREFORE, Plaintiff, the Grand Bear Lakes Townhome Association, prays for judgment in its favor and against Defendant Grand Bear Lodge LLC on Count X and respectfully requests that the Court enter an Order:

1)    Directing Defendant Grand Bear Lodge LLC to provide an accounting of all Association funds collected, held by and/or used by Grand Bear Lodge LLC for its own purposes;

2)    Costs of suit; and

3)    Such other and further relief as this Court deems fair and equitable.

## COUNT XI

### (Action for Constructive Trust against Grand Bear Lodge, LLC)

1-29.    Plaintiff restates and incorporates by reference paragraphs 1 through 29 above as and for paragraphs 1 through 29 of Count XI as though fully set forth herein.

30.    As the Association's community association manager, Grand Bear Lodge owed a fiduciary duty to the Association.

31.    Grand Bear Lodge breached its fiduciary duty to the Association.

32.     Given Grand Bear Lodge's control over Association assessment funds, commingling of the Association's funds with Grand Bear Lodge's own funds and funds from other sources, including but not limited to other community interest associations managed by Grand Bear Lodge, Grand Bear Lodge's failure to properly and accurately provide the Association with an accounting of the Association's funds, the Association seeks an accounting and constructive trust of its funds currently held by Grand Bear Lodge and/or Association funds misappropriated and used by Grand Bear Lodge.

WHEREFORE, Plaintiff, the Grand Bear Lakes Townhome Association, prays for judgment in its favor and against Defendant Grand Bear Lodge LLC on Count XI and respectfully requests that the Court enter an Order:

1)      Directing Defendant Grand Bear Lodge LLC to provide an accounting of all Association funds collected, held by and/or used by Grand Bear Lodge LLC for its own purposes;

2)      Imposing a constructive trust over all Association funds collected, held by and/or used by Grand Bear Lodge LLC for its own purposes;

3)      Costs of suit; and

4)      Such other and further relief as this Court deems fair and equitable.

## COUNT XII

### (Action for Conversion against Grand Bear Lodge, LLC)

1-27.   Plaintiff restates and incorporates by reference paragraphs 1 through 27 above as and for paragraphs 1 through 27 of Count XII as though fully set forth herein.

28.     The Association owns all of the assessments collected on its behalf by Grand Bear Lodge.

22

29.     Grand Bear Lodge has misappropriated assessments it has collected on behalf of the Association.

30.     Grand Bear Lodge does not have an ownership interest in the Association's assessment funds.

31.     Grand Bear Lodge continues to assert control and usage of the Association's assessment funds.

32.     By doing so, Grand Bear Lodge has converted the Association's assessment funds.

33.     The Association has been damaged by Grand Bear Lodge's conversion of the assessments in the amount of at least $200,000, an amount that will be proven at trial.

WHEREFORE, Plaintiff, the Grand Bear Lakes Townhome Association, prays for judgment in its favor and against Defendant Grand Bear Lodge LLC on Count XII and respectfully requests that the Court enter an Order:

1)     Directing Defendant Grand Bear Lodge LLC to provide an accounting of all Association funds collected, held by and/or used by Grand Bear Lodge LLC for its own purposes;

2)     Costs of suit; and

3)     Such other and further relief as this Court deems fair and equitable.

## COUNT XIII

**(Action for Civil Conspiracy against Joseph Hook, Keith Wolick and Susan Wolick)**

1-27.     Plaintiff restates and incorporates by reference paragraphs 1 through 27 above as and for paragraphs 1 through 27 of Count XIII as though fully set forth herein.

27.     The Defendants, Hook, K. Wolick and S. Wolick, conspired to deprive Plaintiff of its possession of the Association assessments and use Association funds for Defendants' own purposes.

28.     Defendants' unlawful possession of Association funds has damaged Plaintiff in the amount of at least $200,000.

WHEREFORE, Plaintiff, the Grand Bear Lakes Townhome Association, prays for judgment in its favor and against Defendants Joseph Hook, Keith Wolick and Susan Wolick on Count XIII and respectfully requests that the Court enter an Order:

1)     Directing Defendant Grand Bear Lodge LLC to provide an accounting of all Association funds collected, held by and/or used by Grand Bear Lodge LLC for its own purposes;

2)     Punitive damages;

3)     Costs of suit; and

4)     Such other and further relief as this Court deems fair and equitable.

## COUNT XIV

### (Action for Constructive Trust against Countryside Bank)

1-29.   Plaintiff restates and incorporates by reference paragraphs 1 through 29 above as and for paragraphs 1 through 29 of Count XIV as though fully set forth herein.

30.     As the Association's community association manager, Grand Bear Lodge owed a fiduciary duty to the Association.

31.     Grand Bear Lodge breached its fiduciary duty to the Association by failing commingling of the Association's funds with Grand Bear Lodge's own funds and funds

from other sources, including but not limited to other community interest associations managed by Grand Bear Lodge.

32.     Grand Bear Lodge deposited Association assessment funds in Grand Bear Lodge's own account at Countryside Bank on a monthly basis and did not deposit Association assessment funds in the Association's own accounts.

33.     Grand Bear Lodge commingled its own funds with Association funds in Grand Bear Lodge's account at Countryside Bank and also, upon information and belief, withdrew funds out of this same Countryside Bank account to use for Grand Bear Lodge's own purposes.

34.     Countryside currently holds Association funds in Grand Bear Lodge's account.

35.     Countryside Bank and Grand Bear Lodge have not provided the Association with an accounting of Association funds held and transferred out of Grand Bear Lodge's account at Countryside Bank.

36.     By failing to properly and accurately provide the Association with an accounting of the Association's funds, the Association seeks an accounting of its funds currently held by Countryside Bank in Grand Bear LLC's account and to impose a constructive trust over such funds.

WHEREFORE, Plaintiff, the Grand Bear Lakes Townhome Association, prays for judgment in its favor and against Defendant Grand Bear Lodge LLC on Count XI and respectfully requests that the Court enter an Order:

1)      Directing Defendant Countryside Bank to provide an accounting of all Association funds deposited in or transferred out of Defendant Grand Bear Lodge LLC's account at Countryside Bank;

2)      Imposing a constructive trust over all Association funds on deposit in Grand Bear Lodge LLC's account at Countryside Bank;

3)      Costs of suit; and

4)      Such other and further relief as this Court deems fair and equitable.

Respectfully submitted,

BOARD OF DIRECTORS OF THE
GRAND BEAR LAKES
TOWNHOME ASSOCIATION


By: s/ Kevin A. Sterling_____
        One of Its Attorneys


Kevin A. Sterling, Esq. (ARDC No. 6216907)
Steven D. Welhouse, Esq. (ARDC No. 6244098)
Laura Newcomer Cohen, Esq. (ARDC No. 6302639)
THE STERLING LAW OFFICE LLC
411 North LaSalle Street
Suite 200
Chicago, Illinois 60654
Ph: (312) 670-9744
Fax: (312) 962-8817